UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWTON JONES (01),<br>WILLIAM CREEDEN (02),<br>KATERYNA JONES (03),<br>WARREN FAIRLEY (04),<br>LAWRENCE McMANAMON (05),<br>CULLEN JONES (07),**<br><br>**Defendants.** | Case No. 24-20070-DDC |

**ORDER GRANTING JOINT MOTION TO ADOPT DATES FOR SCHEDULING ORDER AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The parties have filed their unopposed Joint Motion to Adopt Dates for Scheduling Order and to Exclude Time Under the Speedy Trial Act. (Doc. 99.) This motion asks the court to adopt certain scheduling deadlines and to exclude the time from the deadlines fixed by the Speedy Trial Act (STA). The motion details that each defendant has been individually consulted by their counsel, and all parties agree to the proposed deadlines and to the resultant exclusion of time.

The parties jointly request the court to adopt the following deadlines in advance of the May 4, 2026, trial date.

        a.      August 1, 2025: Dispositive motions due

        b.      August 22, 2025: Government's responses to dispositive motions due

    c.    September 5, 2025:  Replies in support of dispositive motions due

    d.    October 27, 2025:  Expert disclosures due

    e.    December 1, 2025:  Pretrial motions due (including challenges to expert disclosures)

    f.    December 19, 2025:  Responses to pretrial motions due

    g.    January 7, 2026:  Pre-trial motions hearing [anticipate order(s) by February 6, 2026]

    h.    March 13, 2026:  Witness and Exhibit Lists, motions in limine due

    i.    March 31, 2026:  Responses to motions in limine due

    j.    April 10, 2026:  Motions in limine conference

    k.    April 17, 2026:  Proposed jury instructions due

    l.    April 17, 2026:  Jury Evidence Recording System ("JERS") exhibits due to court

    m.    April 23, 2026:  Pretrial conference at 1:30 p.m.

    n.    May 4, 2026:  Trial (estimated length 4 to 5 weeks)

The court already has designated this case as "complex" as that term is used by 18 U.S.C. § 3161(h)(7)(B)(ii).  (Doc. 75.)  That is, continuing the case outweighs the best interests of the public and defendants in a trial that begins within the STA deadline. Excluding time under the STA's ends of justice provision § 3161(h)(7)(A) requires "findings," and it requires the court's "reasons for finding that the ends of justice served by the granting of a continuance" outweigh the competing interests served by the STA. § 3161(h)(7)(A).

During a status conference on October 10, 2024, the court heard from counsel about their state of preparedness. Counsel for all parties agreed that they were not yet able to predict a date when they would have prepared adequately for a trial to begin. As such, counsel for each party either agreed to request a 90-day continuance of the status conference or announced they did not object to continuing the conference. The court sustained an oral motion to continue the conference until January 16, 2025, and announced specific reasons why the court should properly exclude the time between October 10, 2024, and January 16, 2025, pursuant to the ends of justice provision. The court made inquiries of defendants and their counsel, followed by STA findings supporting exclusion of these days.

The court next held a hearing on January 16, 2025. Counsel for defendant Newton Jones orally moved for the court to set the case for a jury trial on May 11, 2026, to allow adequate time to work through voluminous discovery and related issues and prepare for trial. Defendants William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, and Cullen Jones supported the proposed May 11, 2026, trial setting. Government counsel proposed a February 9, 2026, trial setting. The court then granted defendant Newton Jones's oral motion in part and set the trial for May 4, 2026, at 9:00 a.m. The court made inquiries of defendants and their counsel, followed by STA findings supporting exclusion of these days. Pursuant to the specific findings set forth in full on the record, the court granted the continuance, finding that the ends of justice served by allowing defendants the additional time requested outweighs the best interest of the public and the defendants in a speedy trial and that the continuance shall be granted. The court

3

ordered that the period of delay resulting from the additional time granted pursuant to the court's order, January 16, 2025, until May 4, 2026, was deemed excludable time as provided for in 18 U.S.C. 3161(h)(7)(A), in that the ends of justice served by the granting of an extension outweighs the best interest of the public and defendants in a speedy trial.

As reported in their motion, the court hereby finds that each defendant has been consulted by their attorneys, specifically requests that the court adopt the dates listed herein, and understands that this schedule will turn off the STA clock through the proposed trial date of May 4, 2026. The court finds that each defendant sufficiently has waived their STA rights and has requested the additional time in order to be adequately prepared for trial. The court finds that this rationale serves the ends of justice, and that these interests outweigh the competing interests served by the STA. § 3161(h)(7)(A).

IT IS ORDERED that, for reasons already stated in this Order, the above scheduling dates be adopted and the time be excluded from calculation under the STA. Because the parties jointly have agreed to the dates adopted, and the court finds that a sufficient record has been made, the status conference previously set for February 13, 2025, at 8:30 a.m. is cancelled.

**Dated this 13th day of February, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
