# EXHIBIT 3



Patrick A. McInerney  
Direct Dial: 816-292-8358  
pmcinerney@spencerfane.com

File No. 5515985.0002

October 2, 2024

**VIA E-MAIL**

AUSA Faiza Alhambra  
AUSA Jabari Wamble  
500 State Avenue, Suite 360  
Kansas City, Kansas 66101  
faiza.alhambra@usdoj.gov  
jabari.wamble@usdoj.gov

      Re:    **U.S. v. Jones, et al.**  
                **Case No. 24-CR-20070-DDC**  
                **Government's 9/27/24 production**

Dear Counsel:

      This will respond to your discovery cover letter and acknowledge receipt of the Government's September 27, 2024 production (Round 1) in the above captioned case. We have conducted an initial review of Round 1 and wish to raise some preliminary concerns with you. As you know, the government's speaking indictment is 65 pages long and sets out many highly granular allegations, so we anticipate there will potentially be an enormous amount of total discovery in this case. We wish to put counsel for the seven defendants in position to be able to timely review the production, prepare for trial, and avoid unnecessary delays. Upon review, we are concerned with Round 1's production format and index as provided, and the potential impact on counsel's ability to timely and effectively review the over 330,000 pages of material produced so far. We are also concerned that all defense counsel could be significantly hampered if the format of subsequent productions is the same as the current format of Round 1. We wanted to raise these issues promptly are happy to further discuss our concerns on a call if you wish.

      First, the production appears to contain PDF images of the produced documents with only select native files provided. These PDFs are only marginally searchable, and many are not searchable at all. We respectfully request that this and subsequent productions be modified along the following lines, which are consistent with how we have received discovery in other large-discovery, complex cases:

- Data: we request that the productions contain DAT and OPT load files for the production. It would help us significantly if the DAT file contains the common metadata and relational fields listed in the attached file, which will allow us to review the production more efficiently and also populate family relationships among the documents. The OPT file will allow us to load the production images appropriately into a document review database. This will have

AUSA Faiza Alhambra
AUSA Jabari Wamble
October 2, 2024
Page 2



the added benefit of avoiding a request for a production index, as the Excel spreadsheet contained in Round 1 provides usable file descriptions for only 108 of 4300 items listed.

- Images: we request single-page TIFF images for each page of the production. These will be keyed to the OPT file to identify the document breaks and facilitate loading the production images into a document review database.

- Natives: we request select native files for the production, which will be keyed to the NativeLink field in the DAT file and should contain the relative path to facilitate loading the native files into a document review database.

- Text: we request document-level text files with extracted or OCR text for each document in the production. These will be keyed to the TextLink field in the DAT file and should contain the relative path to facilitate loading the text files into a document review database. We further request that each file be named using the beginning Bates number for the document with which it is associated.

Second, we reviewed the 4295-entry index spreadsheet provided with the discovery. When printed out, the index is 79 pages long. On the first two pages, the file name entry provides some indication as to what is contained in the document, and in some cases, where it may derive from. However, the remainder of the index does not provide any information to be able to understand what the documents are or where they derive from. We respectfully request that this and successive indexes please be modified to identify what the discovery is and where it derives from. Without this orientating information, we do not know how the seven counsel will be able to organize and timely review the voluminous discovery. *Although we raise this as an important issue, we believe this issue will be addressed if we are provided with the metadata requested above, as the metadata will allow us to index the materials in a review database.*

Third, your letter references "physical items and/or sensitive evidence" only available for review in your office. Please advise us what specific discovery in the government's possession falls in this category.

Thank you for your efforts to resolve the issues described above. We are always available for a call or a meeting if you would prefer.

Regards,

Patrick A. M<sup>c</sup>Inerney