# EXHIBIT 13

| | |
|---|---|
| **From:** | Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov> |
| **Sent:** | Friday, May 23, 2025 4:00 PM |
| **To:** | McInerney, Patrick; branden_smithlegalllc.com; Nelson, Daniel M.; ehanson@mghslaw.com; jackson.hobbs_lathropgpm.com; john.davis@kesslerwilliams.com; jrhobbs_whmlaw.net; jwooley@mghslaw.com; kathleen.fisherenyeart@lathropgpm.com; kspell_mghslaw.com; mbkeller_whmlaw.net; mmolner_emlawkc.com; Phillips, Caleb; Reed, Emily; Kurt Kerns; Chad Flores; Andino Reynal; Kurt Kerns; pjoconnor@wcllp.com |
| **Cc:** | Falvo, Vincent (CRM); Wamble, Jabari (USAKS); Alhambra, Faiza (USAKS) |
| **Subject:** | [EXTERNAL] RE: U.S. v. Newton Jones, et al Discovery Update, Case # 2:24-cr-20070-DDC |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

All,

We have not yet completed the review of the agency internal communications due to us receiving one incorrect email folder for review. The correct folder was provided earlier this week and we believe the review will be completed by next week. Also, we have received correspondence from Melanie Morgan (IBB counsel) about a claw back request, which the government opposes. Ms. Morgan indicated the same request was made to defense counsel who also received the records. Our understanding is that Ms. Morgan will provide an update on where the union stands on waiver of attorney-client privilege and she will update us. Finally, our understanding is that some counsel have reached out to Ms. Morgan directly about the electronic devices and emails and ways to streamline access to the records contained on the devices. The government's understanding is that defense counsel will submit a request with further details.

Thank you,

Faiza H. Alhambra
913.551.6904

**From:** Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov>
**Sent:** Friday, May 16, 2025 2:05 PM
**To:** McInerney, Patrick <pmcinerney@spencerfane.com>; branden_smithlegalllc.com <branden@smithlegalllc.com>; Nelson, Daniel M. <dnelson@spencerfane.com>; ehanson@mghslaw.com; jackson.hobbs_lathropgpm.com <jackson.hobbs@lathropgpm.com>; john.davis@kesslerwilliams.com; jrhobbs_whmlaw.net <jrhobbs@whmlaw.net>; jwooley@mghslaw.com; kathleen.fisherenyeart@lathropgpm.com; kspell_mghslaw.com <kspell@mghslaw.com>; mbkeller_whmlaw.net <mbkeller@whmlaw.net>; mmolner_emlawkc.com <mmolner@emlawkc.com>; Phillips, Caleb <cphillips@spencerfane.com>; Reed, Emily <ereed@spencerfane.com>; chris@angleslaw.com; Kurt Kerns <KurtPKerns@aol.com>; Chad Flores <cf@chadflores.law>; Andino Reynal <areynal@frlaw.us>; Kurt Kerns <KurtPKerns@aol.com>; pjoconnor@wcllp.com; jdavis@wcllp.com
**Cc:** Falvo, Vincent (CRM) <Vincent.Falvo@usdoj.gov>; Wamble, Jabari (USAKS) <Jabari.Wamble@usdoj.gov>; Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov>
**Subject:** RE: U.S. v. Newton Jones, et al Discovery Update, Case # 2:24-cr-20070-DDC

All,

The government's responses are in red:

1. BOL privilege log – is it the government's position that BOL's assertion of privilege after the McCall interview is retroactively valid to protect information disclosed during the interview?
    a. Yes, this is the government's position.
2. Internal communications – we appreciate your efforts regarding the request for internal communications, but our request was made in February. Defense counsel has reached out several times since to ascertain the status of the request and has either received no response at all or been advised you were in trial. And even your latest email does not provide a deadline by which we will receive the material. We need time to sufficiently review and utilize the material prior to upcoming case deadlines including motions deadlines. It is our intention to seek the Court's assistance in obtaining these materials, unless you are able to promptly give us a reasonable date certain.
    a. The government received the majority of these internal communications on April 30, 2025. The government believes the review of these communications can be completed by 5/23/2025.
3. Electronic devices – similarly, we asked some three months ago about arranging to search certain of the devices that we anticipate would have exculpatory evidence, noting that imaging these devices may take substantial time and asking if we could discuss how best to expedite the imaging process. Subsequent emails seeking to confirm that the imaging process was under way were not answered. Your response now indicates you "are asking IBB for consent to search" the devices and, if you get it, you plan to ask the RCL to begin imaging the selected devices, again with no timeline of when these steps will occur or how long it might take for RCL to image these key materials. Given the significant delay that has already occurred, the defendants intend to seek the Court's intervention to order production of these materials.
    a. These devices are not in the government's possession. IBB is not consenting to a search of these devices. IBB indicates that some or all of these devices may contain privileged items and IBB is not waiving privilege. IBB is open to requests for specific items or categories of items that they can search for and provide.
4. IBB emails and storage – please provide the information you received by the end of last week regarding the IBB email collection, IBB share file information related to each named defendant's accounts, and IBB Dropbox account information related to each named defendant. Likewise, we may need the Court's intervention for production of these materials if the government does not intend to timely collect and produce these materials.
    a. IBB indicates it has email for as long as defendants have maintained those accounts. They are willing to provide email, but will withhold any potentially privileged emails back and internally filter those email for privilege. IBB indicates there are approximately 100,000 emails involving Blake & Uhlig that will be held back for a privilege review. They also indicate that some defendants possibly communicated with private counsel using IBB work email and would like to know how counsel wants to handle those potential claims of individual privilege.
5. IBB privilege log – we think the IBB should simply produce the materials currently listed on their privilege log, which have not yet been provided. The attached B&U memorandum was provided by the government to the defense in discovery. Clearly, the IBB had previously provided it to the government because the material was related to the issues in the indictment. This constitutes a subject matter waiver and therefore request all other communications including, but not limited to, emails, text messages, and legal memoranda, since 2008, from B&U to a named defendant concerning the issues in the government's indictment, or concerning acts attributed to any of the named defendants.
    a. IBB maintains they have not waived privilege for the subject matters in the Indictment.
    b. IBB indicates they are maintaining privilege over 7 documents from the spreadsheet entitled "potentially privileged suppressed docs" identified by defense counsel. They do not have the privilege log prepared, but will have it by COB today OR Thursday of next week.

Thank you,
Faiza H. Alhambra
913.551.6904

**From:** Alhambra, Faiza (USAKS)
**Sent:** Friday, May 16, 2025 2:01 PM

**To:** McInerney, Patrick <pmcinerney@spencerfane.com>; branden_smithlegalllc.com <branden@smithlegalllc.com>; Nelson, Daniel M. <dnelson@spencerfane.com>; ehanson@mghslaw.com; jackson.hobbs_lathropgpm.com <jackson.hobbs@lathropgpm.com>; john.davis@kesslerwilliams.com; jrhobbs_whmlaw.net <jrhobbs@whmlaw.net>; jwooley@mghslaw.com; kathleen.fisherenyeart@lathropgpm.com; kspell_mghslaw.com <kspell@mghslaw.com>; mbkeller_whmlaw.net <mbkeller@whmlaw.net>; mmolner_emlawkc.com <mmolner@emlawkc.com>; Phillips, Caleb <cphillips@spencerfane.com>; Reed, Emily <ereed@spencerfane.com>; chris@angleslaw.com; Kurt Kerns <KurtPKerns@aol.com>; Chad Flores <cf@chadflores.law>; Andino Reynal <areynal@frlaw.us>; Kurt Kerns <KurtPKerns@aol.com>; pjoconnor@wcllp.com; jdavis@wcllp.com
**Cc:** Falvo, Vincent (CRM) <Vincent.Falvo@usdoj.gov>; Wamble, Jabari (USAKS) <Jabari.Wamble@usdoj.gov>
**Subject:** RE: U.S. v. Newton Jones, et al Discovery Update, Case # 2:24-cr-20070-DDC

All,

Faiza H. Alhambra
913.551.6904

---

**From:** McInerney, Patrick <pmcinerney@spencerfane.com>
**Sent:** Monday, May 12, 2025 8:25 PM
**To:** Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov>; branden_smithlegalllc.com <branden@smithlegalllc.com>; Nelson, Daniel M. <dnelson@spencerfane.com>; ehanson@mghslaw.com; jackson.hobbs_lathropgpm.com <jackson.hobbs@lathropgpm.com>; john.davis@kesslerwilliams.com; jrhobbs_whmlaw.net <jrhobbs@whmlaw.net>; jwooley@mghslaw.com; kathleen.fisherenyeart@lathropgpm.com; kspell_mghslaw.com <kspell@mghslaw.com>; mbkeller_whmlaw.net <mbkeller@whmlaw.net>; mmolner_emlawkc.com <mmolner@emlawkc.com>; Phillips, Caleb <cphillips@spencerfane.com>; Reed, Emily <ereed@spencerfane.com>; chris@angleslaw.com; Kurt Kerns <KurtPKerns@aol.com>; Chad Flores <cf@chadflores.law>; Andino Reynal <areynal@frlaw.us>; Kurt Kerns <KurtPKerns@aol.com>; pjoconnor@wcllp.com; jdavis@wcllp.com
**Cc:** Falvo, Vincent (CRM) <Vincent.Falvo@usdoj.gov>; Wamble, Jabari (USAKS) <Jabari.Wamble@usdoj.gov>
**Subject:** [EXTERNAL] RE: U.S. v. Newton Jones, et al Discovery Update, Case # 2:24-cr-20070-DDC

Faiza,

Thank you for your email.

1. BOL privilege log – is it the government's position that BOL's assertion of privilege after the McCall interview is retroactively valid to protect information disclosed during the interview?
2. Internal communications – we appreciate your efforts regarding the request for internal communications, but our request was made in February. Defense counsel has reached out several times since to ascertain the status of the request and has either received no response at all or been advised you were in trial. And even your latest email does not provide a deadline by which we will receive the material. We need time to sufficiently review and utilize the material prior to upcoming case deadlines including motions deadlines. It is our intention to seek the Court's assistance in obtaining these materials, unless you are able to promptly give us a reasonable date certain.
3. Electronic devices – similarly, we asked some three months ago about arranging to search certain of the devices that we anticipate would have exculpatory evidence,

3

noting that imaging these devices may take substantial time and asking if we could discuss how best to expedite the imaging process. Subsequent emails seeking to confirm that the imaging process was under way were not answered. Your response now indicates you "are asking IBB for consent to search" the devices and, if you get it, you plan to ask the RCL to begin imaging the selected devices, again with no timeline of when these steps will occur or how long it might take for RCL to image these key materials. Given the significant delay that has already occurred, the defendants intend to seek the Court's intervention to order production of these materials.

4. IBB emails and storage – please provide the information you received by the end of last week regarding the IBB email collection, IBB share file information related to each named defendant's accounts, and IBB Dropbox account information related to each named defendant. Likewise, we may need the Court's intervention for production of these materials if the government does not intend to timely collect and produce these materials.

5. IBB privilege log – we think the IBB should simply produce the materials currently listed on their privilege log, which have not yet been provided. The attached B&U memorandum was provided by the government to the defense in discovery. Clearly, the IBB had previously provided it to the government because the material was related to the issues in the indictment. This constitutes a subject matter waiver and therefore request all other communications including, but not limited to, emails, text messages, and legal memoranda, since 2008, from B&U to a named defendant concerning the issues in the government's indictment, or concerning acts attributed to any of the named defendants.

As to all of the materials identified above, we need time to sufficiently review and utilize the material prior to upcoming deadlines. It is our intention to seek the Court's assistance in obtaining these materials, unless you are able to promptly give us a reasonable date certain.

We are glad to meet and confer any time before May 14th regarding these matters.

Thank you.

**Patrick A. McInerney**  Partner
Spencer Fane LLP

1000 Walnut, Suite 1400 | Kansas City, MO 64106
**O** 816.292.8358   **M** 816.260.0584
pmcinerney@spencerfane.com | spencerfane.com

**From:** Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov>
**Sent:** Tuesday, May 6, 2025 4:05 PM
**To:** McInerney, Patrick <pmcinerney@spencerfane.com>; branden_smithlegalllc.com <branden@smithlegalllc.com>;

Nelson, Daniel M. <dnelson@spencerfane.com>; ehanson@mghslaw.com; jackson.hobbs_lathropgpm.com <jackson.hobbs@lathropgpm.com>; john.davis@kesslerwilliams.com; jrhobbs_whmlaw.net <jrhobbs@whmlaw.net>; jwooley@mghslaw.com; kathleen.fisherenyeart@lathropgpm.com; kspell_mghslaw.com <kspell@mghslaw.com>; mbkeller_whmlaw.net <mbkeller@whmlaw.net>; mmolner_emlawkc.com <mmolner@emlawkc.com>; Phillips, Caleb <cphillips@spencerfane.com>; Reed, Emily <ereed@spencerfane.com>; chris@angleslaw.com; Kurt Kerns <KurtPKerns@aol.com>; Chad Flores <cf@chadflores.law>; Andino Reynal <areynal@frlaw.us>; Kurt Kerns <KurtPKerns@aol.com>; pjoconnor@wcllp.com; jdavis@wcllp.com
**Cc:** Falvo, Vincent (CRM) <Vincent.Falvo@usdoj.gov>; Wamble, Jabari (USAKS) <Jabari.Wamble@usdoj.gov>; Alhambra, Faiza (USAKS) <Faiza.Alhambra@usdoj.gov>
**Subject:** [EXTERNAL] U.S. v. Newton Jones, et al Discovery Update, Case # 2:24-cr-20070-DDC

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Counsel,

We wanted to give everyone an update on where we are with discovery. My apologies for the delay in responding. This delay was due in part due to my trial schedule, a primary member of the International Brotherhood of Boilermakers (IBB) legal team leaving his law firm and being replaced by a new attorney, and in part due to the time it took for the FBI and DOL to gather and process their internal communications as requested by defense counsel.

1. **Status of prior productions**

We have made four productions. The first production was made using our office's standard file format of a native production with an OCR'd image. After a request from defense counsel, we reproduced that first production in a load file format and made three additional productions in a load file format. The last of those productions was on February 3, 2025. The government provided a master file to accompany the productions.

2. **Bank of Labor Privilege log**

Robert McCall's audio interview with the government was redacted pursuant to a privilege assertion by Bank of Labor (BOL). This was handled by a filter team at the USAO. McCall voluntarily consented to an interview and was instructed not to provide any attorney-client privileged information during the interview. BOL asserted attorney-client privilege claims after the interview. At the time of the assertion of attorney-client privilege, BOL did not provide a privilege log. Defense counsel requested a privilege log and the government inquired whether they would provide a log. Bank of Labor provided a log which will be produced in the next round of discovery.

3. **Internal communications**

Defense counsel made a request for FBI notes and internal and inter-agency communications from the case agents. Pursuant to that request, we received records from Jeremy Newman (DOL); Scott Macke (FBI); Mitchell Gleason (FBI) and Paula Musil (DOL- EBSA). Those records are currently in process and being reviewed, and we expect to produce them as soon as our review is complete.

4. **Electronic Devices**

IBB provided a list of electronic devices used by the defendants during their course of employment. IBB has preserved those devices. Some defense counsel inquired into processing certain electronic devices to obtain forensic images of those devices. Since these devices were not seized by the government and are in the possession of IBB, we are asking IBB for consent to search those particular devices identified by defense counsel. The plan, if we obtain consent, is to make a request to Heart of America Regional Computer Forensics Lab for imaging of those devices to provide to the requesting defense attorney. We do not plan to search and seize all devices.

5. **IBB Emails and storage**

Some defense counsel inquired about IBB's email storage and common storage servers. We discussed this with IBB's counsel who indicated they had collected and preserved all email for each defendant. I inquired about the time frames for which they have email, and they are going to get that information to the government by the end of this week. We also inquired about local file storage. IBB's counsel explained that all employees had a Dropbox account. Some accounts were set up by IBB and some were set up by individuals which IBB cannot access. We asked for further detail about the Dropbox accounts and they will get us that information by the end of the week.

6. **IBB Potentially Privileged documents and Privilege Waiver**

We followed up with IBB about the status of review of potentially privileged document identified by defense counsel. They believe they have completed that review, but because of the change in their legal team, were not able to provide a response immediately. This conversation led into a more general conversation about IBB's waiver of attorney-client privilege on the subject matters identified in the Indictment. IBB asked for 7 to 10 days to confirm their position on waiver of attorney-client privilege.

7. **FBI Forfeiture Support Group Discovery**

We received documents from the FBI's Forfeiture Support Group ("FSP"). This discover is in process and we expect to have a production complete as soon as our review is complete.

8. **OLMS Audit- 1,172 docs**

Defense counsel request OLMS's audit files. We have received those records and they will be produced in the next rounds of discovery. Part of these records consist of hard copy files received from IBB during the audit.

Please let me know if you have any questions.
Thanks,

**Faiza H. Alhambra | Assistant United States Attorney**
United States Attorney's Office|District of Kansas
Robert J. Dole Courthouse | 500 State Avenue, Suite 360
Kansas City, Kansas 66101
Direct: 913.551.6904
faiza.alhambra@usdoj.gov