IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-20070-DDC |
| NEWTON JONES (01),<br>WILLIAM CREEDEN (02),<br>KATERYNA JONES (03),<br>WARREN FAIRLEY (04),<br>LAWRENCE MCMANAMON (05),<br>KATHY STAPP (06),<br>CULLEN JONES (07), | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Six defendants in this action have filed a Motion for Issuance of Rule 17(c) Subpoena Duces Tecum. Doc. 126. These six defendants—N. Jones, Creeden, K. Jones, Fairley, McManamon, and C. Jones—ask the court to issue a subpoena duces tecum to the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers (IBB). They attach the proposed subpoena to their motion (Doc. 126-1) and assert broadly that it would request documents and information relevant to "critical elements" of their defenses. Doc. 126 at 1. They also assert that the target documents contain "blatantly relevant and potentially exculpatory documents and information[.]" *Id.* at 2. Defense counsel advises that they have discussed their need for the targeted things with IBB's counsel and inquired about IBB's willingness to provide the documents voluntarily. *Id.* Counsel advised that IBB insists on receiving a subpoena, but that IBB wouldn't oppose certain requests. *Id.*

Defense counsel has bifurcated their efforts to secure IBB documents between two different motions. This one, Doc. 126, seeks a subpoena for the documents that IBB reportedly

doesn't resist providing. A separate motion (Doc. 127) seeks leave to secure a subpoena for documents that IBB opposes. Doc. 126 at 2. **This Order decides only the unopposed documents, Doc. 126.** A separate order will resolve the disputed subpoena.

The United States filed a timely Response (Doc. 131) to this motion. It announces that the government doesn't oppose Doc. 126. Doc. 131 at 2. The government also rebuffs defendants' assertion that grand jury subpoenas failed to collect all the targeted documents and information. *Id.* And, the government claims, its discovery production to defendants already has provided defendants with the grand jury documents. *Id.* Separately, the government notes that defendants used inconsistent dates to describe the targeted documents. It also asks the court to require defendants to provide the government with any records procured from IBB under this proposed subpoena. *Id.* at 2–3.

Initially, deciding this motion seems easy enough. The adverse parties don't object. Nor does the subpoena's recipient. But in the court's view, there's some complicating factors. As Senior Judge Julie Robinson recognized years ago, the federal courts have "an interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties." *United States v. Wittig*, 250 F.R.D. 548, 551 (D. Kan. 2008) (internal quotation marks and citation omitted). While defendants here broadly assert that their proposed subpoena "satisfies all *Nixon* requirements" for Rule 17(c) subpoenas, the court's not so sure. Doc. 126 at 4. Their Attachment A—the part of the filing identifying the documents defendants want to acquire by the subpoena—seeks wide collections of documents. *See, e.g.*, Doc. 126-1 at 5 ("(1) Emails from January 1, 2009 through August 31, 2023" for nine listed individuals[1]

---

[1] The proposed subpoena identifies these nine designated individuals—Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, Cullen Jones, Tyler Brown, Sara Baez and Hailey Rose—as the "Eight Custodians." Doc. 126-1 at 5. The court presumes that this dissonance results from a minor drafting mistake.

2

"where any of the Defendants appear in the 'to' or 'from' fields."). The court's hard-pressed to conclude that this description (and or others used in the proposed subpoena) comports with the standards established by Supreme Court and binding Circuit authority. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974); *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006).

On the other hand, the title of the current motion comes to the court under enjoyable conditions. It's unopposed. The United States—with two minor provisos—doesn't object. And the subpoena's putative recipient reportedly has agreed to provide the documents so long as it receives a subpoena.

All things considered, the court declines to borrow trouble where none exists. For one thing, the IBB already has agreed to provide similarly broad categories of documents to the United States. There's no good reason for IBB to treat defendants differently than it treated the United States. Also, there's an intuitive appeal to defendants' rationale for needing the documents. Balancing a variety of competing interests, the court grants defendants' motion, Doc. 126. This Order thus authorizes the Clerk to issue the requested subpoena.

This ruling leaves the government's two provisos—the asserted dates problem and the government's access to the documents procured by the subpoena. On the former—the date inconsistency—that's defendants' issue. It's their subpoena and if they serve one with internal inconsistencies, they will inherit any problems it produces. On the latter—the government's access to the materials secured from IBB—the government's Response reports that attorney Dan Nelson has agreed to this condition on defendants' behalf. So, the court adopts this condition as part of its Order here.

**THEREFORE, IT IS HEREBY ORDERED THAT** defendants' Unopposed Motion for Issuance of Rule 17(c) Subpoena Duces Tecum to IBB (Doc. 126) is granted. The court directs the Clerk to issue a subpoena duces tecum substantially like the one proposed by defendants' motion.

**IT IS FURTHER ORDERED** that defendants must provide the United States with access to all documents secured from IBB under this subpoena.

**IT IS SO ORDERED.**

**Dated this 29th day of July, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
