IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**WARREN FAIRLEY (04),**<br>**LAWRENCE MCMANAMON (05),**<br>**KATHY STAPP (06),**<br>**CULLEN JONES (07),**<br><br>      **Defendants.** | Case No. 24-20070-DDC |

## **MEMORANDUM AND ORDER**

Recently, the court continued a hearing scheduled to consider the government's "Motion for Abrogation of Attorney-Client Privilege by Waiver," Doc. 107. *See* Doc. 151. This continuance rendered moot four pending motions filed by defendants Newton Jones, Cullen Jones, Lawrence McManamon, and William Creeden. Docs. 147, 148, 149, and 152. Each of these four motions asked the court to permit the moving defendant to forego appearance for the scheduled hearing. Given this finding of mootness, the court denies Doc. 147, 148, 149, and 152. But before it moves on, the court flags for future attention an issue that has the court's attention.

Fed. R. Crim. P. 43(a) generally requires a defendant to attend certain case proceedings. It specifies that "the defendant must be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P. 43(a). But Rule 43(b)(3) appears to supply an exception to that general rule. It provides that a "defendant need not be present [when the]

proceeding involves only a conference or hearing on a question of law." Also, the Advisory Committee Notes recognize that Rule 43's general rule requiring appearance "does not apply to hearings on motions made prior to trial." Fed. R. Crim. P. 43 advisory committee's note to 1944 adoption (citing *United States v. Lynch*, 132 F.2d 111 (3rd Cir. 1942)). But then again, some Circuits have considered a defendant's right to attend hearings on issues that are decidedly pretrial in nature. *See, e.g.*, *United States v. Stewart*, 93 F.3d 189, 192 n.2 (5th Cir. 1996) (discussing application of confrontation clause to testimony during a suppression hearing).

Given the substantial stakes in play in every criminal case, the court directs any party making similar future requests to address—explicitly—the propriety of the request to waive appearance and the request's consistency with the moving defendant's Rule 43 (and constitutional) rights. This explicit treatment of the question will ensure the court complies with Rule 43 and other pertinent protections.

**THEREFORE, IT IS HEREBY ORDERED** that the motions presented in Docs. 147, 148, 149, and 152 are denied as moot.

**IT IS SO ORDERED.**

**Dated this 16th day of September, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**