UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                **Plaintiff,**<br><br>v.<br><br>NEWTON JONES (01),<br>WILLIAM CREEDEN (02),<br>KATERYNA JONES (03),<br>WARREN FAIRLEY (04),<br>LAWRENCE McMANAMON (05),<br>KATHY STAPP (06), and<br>CULLEN JONES (07),<br><br>                **Defendants.** | Case No. 24-20070-DDC |

**DEFENDANTS' RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR AN ORDER PERMITTING ADMISSION OF INTRINSIC EVIDENCE OR, ALTERNATIVELY, RULE 404(b) EVIDENCE**

Defendants Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, and Cullen Jones ("Defendants"), by and through their undersigned counsel, hereby respond in opposition to the Government's Motion for an Order Permitting Admission of Intrinsic Evidence or, Alternatively, Rule 404(B) Evidence (Doc. 198) ("Motion").

**ARGUMENT**

The Government seeks to introduce two categories of evidence: (1) Defendant Newton Jones's use of alcohol; and (2) the *authorized* purchase of a Lucid Grand Tour luxury car and a private jet travel package. The Government contends that this evidence is admissible as either intrinsic evidence, or alternatively, under Federal Rule of Evidence

404(b). As the proponent of this evidence, the Government has the burden to prove its admissibility.[1] *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000).

The Government fails to do so here. The proposed evidence is classic character evidence that must be excluded. Despite the Government's conclusory assertions to the contrary, the evidence directly targets Defendants' alleged propensity to commit the charged offenses. For example, the Government advances a new theory of liability: that Defendant Jones's alcohol abuse was so routine that, although physically present at union events, he was effectively absent. In essence, the Government contends that because Defendant Jones abused alcohol "on a particular occasion," he must have acted "in accordance with [that] character" with respect to the charged offenses. *See* Fed. R. Evid. 404(b)(1). This is wholly improper.

Similarly, the Government contends that evidence of the *authorized* purchase of the Lucid Grand Tour luxury car and private jet travel package "provides insight into Newton Jones' and William Creeden's tastes for personal luxury." (Doc. 198 at 14.) But again, this is classic character evidence. That is, because Defendants enjoyed certain "luxuries" which were authorized expenditures on one occasion, they acted with that same character with respect to the charged offenses. This is propensity evidence. Period.

The Government's terse and conclusory arguments to the contrary are unavailing and should be rejected.

---

[1] On December 1, 2025, the Government filed a "Rule 404(b) Notice" with an underlying motion attached. (Doc. 198.) While Local Rule CR1.2 sets a 14-day response period, the Court's scheduling order sets March 13, 2026, as the deadline for motions in *limine* (Doc. 101 at 2 ¶ h), which Defendants interpret as being their response deadline. Out of caution, Defendants respectfully notify the Court of their opposition to the admission of any evidence in the Government's 404(b) Notice.

**I.   The Proposed Evidence Is Not Intrinsic to the Charged Crimes.**

The Tenth Circuit has recognized that that certain "other-act" evidence is not subject to Rule 404(b) where the evidence is "intrinsic," that is, "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009). Thus, intrinsic evidence must bear a direct link to the charged offenses—either through physical evidence supporting the charge or other conduct contemporaneous with it.

For example, in *United States v. O'Brien*, the Tenth Circuit held that a ledger detailing the accounts of a gambling operation was intrinsic to a charged gambling conspiracy under 18 U.S.C. § 1955. 131 F.3d 1428, 1432 (10th Cir. 1997). Likewise, courts routinely find physical evidence to be intrinsic when it is intertwined with the charged offenses. *See, e.g.*, *United States v. Lowe*, 571 F. Supp. 3d 1208, 1215 (D. Colo. 2021) (holding that "capsules, pill press, digital scale, plastic bags, drug paraphernalia" as well as cell phone messages were "directly connected to the factual circumstances of" the defendant's drug and firearm charges).

The Government's motion, by contrast, falls well short of establishing that any of the proposed evidence is "directly connected to the factual circumstances" of the charged offenses. *See Parker*, 553 F.3d at 1314. While the Government contends that the proposed evidence is intrinsic to several counts, it fails to identify what counts the proposed evidence allegedly relates to. (*See* Doc. 198 at 10, 14.) And with respect to Count I, the Motion makes little effort to connect Jones's alcohol use to specific conduct of the alleged enterprise. For example, the Government does not identify any specific meetings, trips, or

3

other union activities during which Defendant Jones was absent due to intoxication. Instead, the Government relies on broad, generalized assertions, where the law requires a precise evidentiary showing. *See Youts*, 229 F.3d at 1317 ("The government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence.").

As a result, it leaves Defendants, and the Court, to wade through the indictment to determine what counts are at issue and what proposed evidence is relevant to the instant inquiry—thus inverting the Government's burden. Further, the Government has not shown how any of the evidence is relevant under Rule 401 or admissible under Rule 403.

Moreover, the Government's Motion is premature. By taking the unusual step of seeking to admit purportedly "intrinsic" evidence before trial, rather than simply providing the notice of intent required by Rule 404(b), the Government places itself in an inescapable conundrum: it cannot prove its motion without the very evidence it seeks to admit. The Court has not yet heard any evidence regarding what the Government considers an "unnecessary" or "expensive" trip, or a "large period of time" away from official duties—and presumably should not, lest the pretrial conference become a de facto trial. In short, because the Government cannot demonstrate in advance what evidence is truly intrinsic, there is no record for the Court to grant its motion at this stage.

II. **The Proposed Evidence Is Improper Character Evidence and Must be Excluded under Rule 404(b).**

The federal rules of evidence prohibit the admission of "other act" evidence intended "to prove a person's character in order to show that on a particular occasion the

4

person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is only admissible in limited circumstances, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Government contends its proposed evidence is proper under Rule 404(b) because it shows intent, opportunity, and plan. (Doc. 198 at 11.)

With respect to Defendant Jones, the Government contends that his public drinking at Boilermaker Union events: (1) "reveals an intent to enrich himself at the union's expense" (Doc. 198 at 11); "[i]s relevant to his opportunity to spend Boilermakers treasury funds" (*id.* at 13); and "demonstrates his opportunity to obtain personal entertainment courtesy of the Boilermakers Union" which may also be "characterized as constituting a 'plan.'" (*id.*) These arguments are non-sequiturs and should be rejected. The Government merely recasts the elements of Rule 404(b) in conclusory fashion without sufficiently applying them to the facts of this case. Such a perfunctory argument is improper. *See Henthorn*, 864 F.3d at 1248 (noting that Rule 404(b) "involves a case-specific inquiry").

With respect to Defendants Creeden, McManamon, and Fairley, the Government's argument is equally unavailing. The Government contends that because they "approved expenditures by Jones without pause" there is a "direct line between Jones' use of alcohol at the union's expense" and their intent with respect to "all other questionable expenses alleged in the indictment." (Doc. 198 at 12). This reasoning is flawed and overbroad. The Government fails to "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred." *Youts*, 229 F.3d at 1317. In other words, the Government fails to demonstrate how evidence of one defendant's alleged drinking could indicate that

5

the other defendants intended to embezzle union funds. The two concepts are not logically connected.

### III. The Proposed Evidence Must be Excluded under Rule 403.

Finally, the Government's undue prejudice argument is unpersuasive. It provides no substantive analysis, offering only conclusory statements that any prejudice would be "likely to be minimal" or "virtually no[nexistent]" (Doc. 198 at 14–15). Again, such conclusory reasoning should be rejected.

Admitting evidence of Defendant Jones's alleged alcohol use, however, is highly prejudicial and should be excluded. The Government's rationale for admissibility is entirely untethered to any issue in the case and appears aimed solely at suggesting a propensity to drink and spend. Such evidence invites the jury to base its verdict on improper considerations rather than the specific elements of the charged offenses. *See United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (noting that unfair prejudice has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" (quoting Fed. R. Evid. 403 advisory committee's notes)).

Further, risk of prejudice is particularly acute here, where the Government's motion is premature and fails to establish any direct link between the proposed evidence and specific conduct underlying the charged offenses. *See Martinez v. Cont'l Tire the Americas, LLC*, 464 F. Supp. 3d 1248, 1251 (D.N.M. 2020) (excluding evidence of prior-night alcohol use because "the jury would likely speculate that he was still intoxicated at the crash" the following day because there was no evidence connecting the two). Accordingly, the proposed evidence is properly excluded under Rule 403.

6

## **CONCLUSION**

For the aforementioned reasons and those that will be set forth in Defendants' motions in *limine*, Defendants respectfully request that the Court deny, or temporarily defer ruling upon and then deny, the Government's Motion for an Order Permitting Admission of Intrinsic Evidence or, Alternatively, Rule 404(b) Evidence (Doc. 198), and grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    SPENCER FANE LLP

    /s/ *Patrick A. M<sup>c</sup>Inerney*
    Patrick A. M<sup>c</sup>Inerney # 22561
    Daniel M. Nelson KS Fed # 79203
    SPENCER FANE LLP
    1000 Walnut Street, Suite 1400
    Kansas City, Missouri 64106-2140
    Tele: 816-474-8100
    Fax: 816-474-3216
    pmcinerney@spencerfane.com
    dnelson@spencerfane.com
    Attorneys for Newton Jones

    /s/ *Kurt Kerns*
    Kurt P. Kerns # 15028
    KERNS LAW GROUP
    328 N. Main Street Wichita, KS 67202
    Tele: 316-265-5511
    kurtpkerns@aol.com

    Federico Andino Reynal, *pro hac vice*
    THE REYNAL LAW FIRM, PC
    917 Franklin Street, Sixth Floor
    Houston, TX 77002
    Tele: 713-228-5900
    areynal@frlaw.us
    Attorneys for William Creeden

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

John T. Davis, *pro hac vice*
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *J.R. Hobbs*
James R. Hobbs KS Fed # 70169
Marilyn Keller # 15444
WYRSCH HOBBS & MIRAKIAN, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tele: 816-221-0080
Fax: 816-221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net
Attorneys for Warren Fairley

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele: 785-856-0780
Fax: 785-856-0782
branden@smithlegalllc.com

KC 25397834.3

        Kevin M. Spellacy, *pro hac vice*
        James Wooley, *pro hac vice*
        Erin E. Hanson, *pro hac vice*
        323 W. Lakeside Ave., Suite 200
        Cleveland, OH 44113
        Tele: 216-344-9220
        Fax: 216-664-6999
        kspellacy@spellacylaw.com
        jwooley@spellacylaw.com
        ehanson@mghslaw.com
        Attorneys for Lawrence McManamon

        /s/ *Kathleen Fisher Enyeart*
        Jackson Hobbs # 28191
        Kathleen Fisher Enyeart # 25203
        Brody Sabor KS Fed # 79098
        LATHROP GPM
        2345 Grand Blvd., Suite 2200
        Kansas City, Missouri 64108
        Tele: 816-292-2000
        Fax: 816-292-2001
        jackson.hobbs@lathropgpm.com
        kathleen.fisherenyeart@lathropgpm.com
        brody.sabor@lathropgpm.com
        Attorneys for Cullen Jones

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on December 15, 2025, with the Clerk of the Court for delivery to interested parties.

        */s/ Patrick A. M<sup>c</sup>Inerney*
        Attorney for Newton Jones

KC 25397834.3