## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>                                 **Plaintiff,**<br><br><br>         **v.**<br><br>**NEWTON JONES,**<br>**WILLIAM CREEDEN,**<br>**KATERYNA (KATE) JONES,**<br>**WARREN FAIRLEY,**<br>**LAWRENCE McMANAMON, and**<br>**CULLEN JONES**<br><br>                                 **Defendants.** | **Case No. 2:24-cr-20070-DDC-TJJ** |

## UNITED STATES' RESPONSE IN OPPOSITION
## TO DEFENDANT CULLEN JONES' MOTION TO DISMISS
## FOR FAILURE TO COLLECT EXCULPATORY EVIDENCE

Now comes the United States of America, by Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and respectfully responds in opposition to Defendant Cullen Jones' Motion to Dismiss for Failure to Collect Exculpatory (doc. 216). The Defendant's motion should be dismissed as untimely or, in the alternative, because it lacks merit: the records complained about are not in the government's possession, but are in the possession of a third party who has provided the Defendant with an index of the records, the records are preserved, and the Defendant has not made a request for a single item on the index.

## I.    ARGUMENT AND AUTHORITIES

### A.  The Defendant's motion should be denied as untimely

Federal Rule of Criminal Procedure 12(b)(3) states "the following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . .

(A) a motion alleging a defect in instituting the prosecution, including:

(v) an error in the grand-jury proceeding or preliminary hearing…

Further, Federal Rule of Criminal Procedure 12(c)(3) states, "[i]f a party does not meet the deadline for making a Rule (b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."

The Court set a deadline for dispositive motions. That deadline was August 1, 2025 – over five months ago. (Doc. 101). Defendants, including Defendant Cullen Jones, filed two motions to dismiss by that deadline. Yet, on the pre-trial motion deadline set for January 2, 2026, Defendant Cullen Jones filed his Motion to Dismiss for Failure to Collect Exculpatory Evidence. His motion is five months late. Defendant has not complied with Rule 12 by filing a motion to dismiss before the deadline set by the Court.

Defendant's basis for the motion to dismiss was known prior to the dispositive motion deadline of August 1, 2025. In fact, the previously filed Joint Motion to Dismiss (doc. 130) filed on July 11, 2025, includes the very same allegations contained in the current Motion to Dismiss:

"On February 14, 2025, Counsel for Cullen Jones emailed the Government identifying devices to be imaged which were believed to have relevant and exculpatory evidence."

(doc. 130 at pg. 4)

"Counsel for Cullen Jones again contacted the Government on March 3, 2025, requesting an additional device to be imaged and seeking confirmation that the previous devices which were identified were in the process of being imaged."

(*Id.*)

"After conferring, IBB counsel advised that a subpoena pursuant to Rule 17(c) would be necessary for IBB to produce the requested materials."

2

(doc. 130 at pg. 5)

Further, grand jury testimony that is cited in the current motion was provided in discovery in December *2024*. "[Fed. R. Crim. P. 12(c)(3)] clearly provides only one circumstance in which an untimely motion can be considered—when the movant 'shows good cause." *United States v. Bowline*, 917 F.3d 1227, 1230 (10th Cir. 2019). In *Bowline*, the defendant filed a motion alleging vindictive prosecution three weeks passed the deadline the court had set for pre-trial motions. The trial court denied the motion as being untimely and lacking good cause. *Id*. at 1228. The Tenth Circuit Court of Appeals held that the "defendant is not entitled to relief on appeal absent a showing of good cause to excuse the untimeliness of his motion." *Id*.

Defendant has not shown any "good cause" for the tardy nature of the meritless motion. Therefore, in accordance with Fed. R. Crim. P. 12(c)(3), the motion should be denied as untimely.

### A.  The Defendant's motion should be denied on the merits

#### i.  The Materials are Preserved

Defendant's request for dismissal relies on the argument that the government violates a defendant's Due Process and Fifth Amendment when it fails, in bad faith, to preserve material and potentially exculpatory evidence.  With that as the guidepost − at the outset − defendant's argument fails because all of the material it argues the government had a duty collect is preserved.  The defendant is well aware of that fact.  On January 27, 2025, in response to requests for electronic devices, the government notified the defendants:

> "IBB has internally identified every device that any named defendant has used. IBB indicated that each of those devices has been catalogued and separated from other devices that the IBB

> uses. The IBB will not use the identified devices but will rather
> store them pending a request from either the Government or the
> defendants."

There has been no suggestion that any of the electronic material was not preserved.  In early 2025, the government and the Boilermaker Union engaged in ongoing conversations related to the electronic devices requested by the defendant, but ultimately those conversations were not fruitful, and the Boilermakers Union took the position that it would not allow the devices to be forensically imaged because of concerns over the Boilermaker Union's attorney-client privilege.

As a result of the Boilermakers Union's position, on July 9, 2025, Defendants requested two Rule 17(c) subpoenas from the Boilermakers Union. (docs. 126 and 127). In the first motion, *unopposed* by the Boilermakers Union, the defendants requested:

> (9) Cullen Jones's login and account materials for Photoshelter
> and Storylog; *and relevant materials identified through files
> directories for the Synology drive and his two work devices*,
> including Mac Pro, Serial Number F5KQ30JDFJ694; and Mac
> Studio, Serial Number JTHQJ1Q5WR.

(doc. 126) (emphasis added).

Defendant Cullen Jones, despite demanding the government collect and forensically image 17 devices, ultimately requested production of relevant materials identified through files directories on only two devices and one hard drive and did not request a forensic image of a single device.  (doc. 124 at pg. 8-9).

In response, on September 18, 2025, the Boilermakers Union provided the requested Mac Pro and Mac Studio directory listing containing the file names and its properties including file paths, folder names, extension, file size, date created, last modified, and last accessed information for each file on the Mac Pro.  For the Synology drive, the Boilermakers

Union provided an index of files contained on the drive and file properties, including file ID, Internal File ID, User, Department, Size, Date Modified, and File path.

After receiving those indexes, Defendant Jones took no further steps to request any of the files identified in the indexes. The government inquired whether any of the records had been requested by the Defendant and was informed, "[t]he parties to the subpoena (Cullen and IBB) have been conferring to finalize a complete response to that subpoena based on a narrowing of items."

The cases cited by the Defendant turn on the government's duty to *preserve* exculpatory evidence. In *Arizona v. Youngblood,* 488 US 51 (1988), the Supreme Court analyzed whether the government had a duty to preserve forensic evidence collected from a rape victim. It held that failure to preserve evidence was not enough: the defendant had to make a further showing of bad faith by law enforcement. Ultimately, the court found there was no bad faith when the government had disclosed to the defense the status of the evidence and the defense took no further steps to test the potentially exculpatory material. Similarly, in *United States v. Taylor*, 312 F.Supp.3d 170, 176-77 (D.D.C. 2018), the question for the court was whether the government had a duty to *preserve* potentially exculpatory evidence. In that case, the defense argued that the government had failed to preserve the crime scene by not properly photographing the scene, failing to collect containers in which contraband was found and failing to collect other items at the scene.

Here, the records are preserved, and Defendant Jones cannot meet the basic showing that the government failed to preserve any materials.

## ii.  The Evidence Must be in the United States' Possession

Defendant's argument fails for a second reason − a prosecutor does not have a duty to obtain evidence from third parties. *See United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001)(observing that *Brady v. Maryland* does not oblige the government to obtain evidence from third parties, the court stated, "[w]e do not suggest . . . that the government was obliged to obtain evidence from third parties"). An abundance of well-settled case law exists on this issue. "It is well settled that there is no affirmative duty upon the government to take action to discover information which it does not possess." *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied, 425 U.S. 905, 96 S. Ct. 1498, 47 L. Ed. 2d 756 (1976)). *See United States v. Kraemer*, 810 F.2d 173, 178 (8th Cir. 1987) (explaining that the prosecution is not required "to search out exculpatory evidence for the defendant"); *United States v. Badonie*, No. CR 03-2062, 2005 U.S. Dist. LEXIS 21928, at *2 (D.N.M. Aug. 29, 2005).

Here, the records the Defendant alleges the government failed to collect are not in the government's possession. They are possessed by a third party not under the government's control.

## <u>Conclusion</u>

WHEREFORE, the Government respectfully requests that the Court deny the Defendant Cullen Jones's Motion to Dismiss.

Respectfully submitted,

RYAN A. KRIEGSHAUSER

UNITED STATES ATTORNEY

By:  */s/Faiza H. Alhambra*
FAIZA H. ALHAMBRA

Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Faiza.Alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By:  */s/ Jabari B. Wamble*
JABARI WAMBLE
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Jabari.wamble@usddoj.gov
Kan. S. Ct. No. 22730

By: */s/ Vincent Falvo*
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

/s/ *Faiza H. Alhambra*
Faiza H. Alhambra
Assistant United States Attorney