# Exhibit 4

Expert Report of Daniel J. Welsh

In the Matter of:

UNITED STATES OF AMERICA,

Plaintiff

v.

NEWTON JONES

WILLIAM CREEDEN

KATEREYNA JONES

WARREN FAIRLEY

LAWRENCE McMAHON

KATHY STAPP

CULLEN JONES,

Defendants

Case  No. 2:24-cr-20070-DDC-TJJ

Report Dated November 26, 2025

I.    **Expert Witness Identification.**

Daniel J. Welsh
2615 NE Hagan Road
Lee's Summit, MO 64064
Phone 816-777-1005
Email: dwelsh@wctingle.com

II.    **Complete Statement of Opinions and Bases.**

I expect to offer the following opinions and testimony, each stated to a reasonable degree of professional certainty in my field, along with the bases and reasons:

1.    **Opinion 1:**  The Legacy Professionals, LLP audits of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers (IBB) Financial Statements follow the normal and expected audit process.

I expect to testify regarding the process, nature and scope of an Audit (in conformity with Statement on Auditing Standard (SAS) #134) and how it differs from a Compilation (SSARS 21 Section 80) or Review (Statement on Standards for Account and Review Services (SSARS) 21 Section 90). I expect to testify regarding the meaning of a "Qualified Opinion" (as governed by Generally Accepted Auditing Standards (GAAS AU-C 705). I expect to testify that the audit process followed by Legacy Professionals comports with accounting standards such as GAAS, including testing to confirm compliance

with internal accounting control policies (SAS AU – 315) and general ledger accuracy.

I expect to testify about audit testing by Legacy Professionals such as their understanding of internal controls and test of expense reporting. According to the audit reports, the purpose of such a test is to ensure that the IBB is following its policies related to union expenditures as they relate to compensation increases, vacation accruals, American Express expenditures, journal entries, internal controls and expense reimbursements. These type of tests are consistent with normal and expected audit processes, and it is common and proper for any such tests to be conducted pursuant to the auditor's judgment.


2.    **Opinion 2:**  The Internal Revenue Service Tax Form 990s (990) filed by IBB accurately reflect the information contained in the IBB's audited Financial Statements.

I expect to testify that the IBB files its 990 with the Internal Revenue Service.  That income tax return discloses Reportable compensation from the IBB as well as Reportable compensation from related organizations. The IBB members as well as anyone in the general public can view the IBB 990 through the IRS Website.  They can also request, in writing, a copy of the three most recent IBB 990s.  The information reported in the IBB IRS Tax Forms 990 are consistent with the IBB Audited Financial Statements. International travel and business expenses are reported by the IBB in the Audited Financial Statements and the IRS Form 990s.

In addition, I expect to testify that each year Mr. Creeden made a live presentation to the International Executive Council (IEC) which included a financial summary. His presentation contained line items for travel and other expenses. In some years, the IEC affirmatively voted and approved these line items. Mr. Creeden was available to answer questions and provide further documentation if the IEC requested.

In addition, I expect to testify as to how IBB reported the cost and the value of its investment in the Bank of Labor (BOL). On the balance sheet the IBB reports its cost basis in BOL. In the footnotes to the financial statements IBB reports a summary of the BOL activity. There is a lack of available trading market of BOL stock. BOL stock is considered an illiquid investment. IBB discloses both the book value of BOL stock and IBB's percentage share of that book value.

**3.      Rebuttal/Responsive Opinions:**

(a)      Stojak's conclusions regarding lack of necessity are unreliable and not supported by accounting principles.

I have reviewed the Government's expert's opinion set out in Lauren Stojak's Report. In her conclusion Ms. Stojak states that the IBB's "International travel beyond Canada, Mexico, and U.S. Territories is atypical, shows a lack of necessity and union benefit, and constitutes a prominent indicator of embezzlement."

In reply, I expect to identify and explain accounting principles and methods used in audits, and the publicly filed reports that reflect disbursements for the benefit of IBB members, or for official IBB business including travel expenses. I expect to testify that Ms. Stojak's conclusions regarding lack of necessity and union benefits do not analyze IBB financial statements or Legacy audit working papers.

## III.    Data, Materials, and other Information Considered.

My opinions are based on the following materials and data, I will continue to review any supplemental discovery and may update this list accordingly.

1. Case-specific materials:

(a) Discovery produced by the government including: IBB Audited Financial Statements (including Legacy audit working papers), IRS Tax Form 990s, IEC meeting minutes.

(b) Defense provided materials: subpoena returns, independent testing results.

2. Standards, including Generally Accepted Accounting Principles (GAAP), Financial Accounting Standards Board (FASB), Generally Accepted Auditing Standards (GAAS), Tax Standards, American Institute of Certified Public Accountants (AICPA), Statement on Standards for Accounting and Review Services (SSARS).

3.  I may rely on or utilize as exhibits any of the documents, charts, graphs or spreadsheets produced by the Government or obtained via Rule 17c subpoena, or any demonstrative exhibits designed to summarize or explain my opinions.  I reserve the right to rely on or utilize any of the documents, charts, graphs, or spreadsheets contained in any Defendants' expert disclosures, any other identified retained or non-retained expert witness, or Government's disclosed expert witnesses, including without limitation:  Jamie K. McCallum, David Macpherson, Lauren K. Stojak, or any demonstrative exhibits designed to summarize or explain their opinions.

## IV.     Expert Qualifications and Prior Testimony in the Previous Four Years.

My Curriculum Vitae is attached (See Exhibit A) and details my education, degrees, licenses, professional experience, and professional memberships.  In addition, for the last four years, I have testified as an expert at trial or by deposition in the matter listed in the attachment (See Exhibit B) to my Curriculum Vitae, including case name, case number, court whether trial or deposition, and date.

## V.     Methodologies and Reliability.

My opinions set forth in this report are based on my expertise, education, training and professional judgment consistent with generally accepted accounting principles as well as the other auditing standards

identified herein.  They are based on my analysis and review of financial documents, income tax returns and other pertinent information.  I believe my opinions would be replicated by other qualified professionals.

## VI.    Supplemental Disclosures

I reserve the right to supplement, amend, or clarify these disclosures, including to identify additional exhibits, bases, or rebuttal opinions, in response to further discovery, government expert disclosures, court rulings, or new information.

Daniel J. Welsh. CPA                                November 26, 2025

## Exhibit A
# Daniel J. Welsh

**Summary of Experience**

48 years of experience in accounting and valuation related issues:

- Certified public accountant Price Waterhouse   1977 – 1981
- Certified public accountant Kline-Welsh 1981 – 1989
- Certified public accountant Donnelly Meiners 1989 – 1993
- Certified public accountant Welsh & O'Connor 1993-1997
- Chief Operating Officer of W. C. Tingle, a multi-state distributor of Armstrong Flooring 1997 – 2009
- Certified public accountant Daniel J. Welsh CPA P.C. 2009 - 2025

**Professional Associations**

American Institute of Certified Public Accountants
Missouri Society of Certified Public Accountants
AICPA's Forensic and Valuation Services Section

**Education**

Bachelor of Arts – Arts & Sciences – University of Missouri – Columbia '75
Master of Science – Accountancy – University of Missouri – Columbia '77

**Instructor**

University of Missouri – Kansas City - MBA program – Individual Income Tax '79

**Litigation Experience**

Over 90 depositions and over 40 trial testimony in state and federal courts in a breadth of cases.

**Contact**

2615 NE Hagan Road
Lee's Summit, MO 64064
816-777-1005
dwelsh@wctingle.com

**Exhibit B**
# Daniel J. Welsh, CPA, ABV
# Expert Witness Testimony
# 2021 – 2025

| Deposition | Trial | Action | Venue | Case # |
|---|---|---|---|---|
| | 1/23 | United States of America, Plaintiff vs. Rex Tarwater, Defendant | United States District Court for the Western District of Missouri | Number: 22-00041-01-CR-DGK |
| 10/24 | | Oniel & Stacey Whyte, Plaintiff vs Evergy Metro, Inc. et al. | Circuit Court of Jackson County, Missouri, at Kansas City | Case No. 2316-CV14719 |
| 12/24 | | Methods Research, Inc. Plaintiff, vs Ottawa Bancshares, Inc., et al. | United States District Court for the District of Kansas | Case No. 2:23-CV-02136 |