**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 24-20070-DDC** |
| **v.** | **FILED UNDER SEAL** |
| **NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**LAWRENCE MCMANAMON (05),** | |
| **Defendants.** | |

### <u>MEMORANDUM AND ORDER</u>

This Order sets page limits and deadlines for supplemental briefing on the following issue.  In defendants Newton Jones, Kateryna Jones, William Creeden, and Lawrence McManamon's Motion for Pretrial Privilege Ruling (Doc. 266), defendants propose the court balance their Sixth Amendment rights with IBB's attorney-client privilege interests.  Doc. 266 at 17.  They rely on cases from other district courts who have balanced the two in the advice-of-counsel defense context.  *Id.* at 18–20.  No papers have addressed the Tenth Circuit precedent suggesting that the right to present a defense doesn't pierce attorney-client privilege.

In *United States v. Serrano*, the Tenth Circuit stated that "[t]he right to present a defense . . . does not displace traditional testimonial privileges."  406 F.3d 1208, 1214 (10th Cir. 2005).  In so stating, our Circuit cited *Valdez v. Winans*, 738 F.2d 1087 (10th Cir. 1984).  In *Valdez*, our Circuit considered a habeas petition presenting a conflict between the attorney-client privilege and a criminal defendant's Sixth Amendment rights.  *Id.* at 1088–89.  Finding the

attorney-client privilege appropriately applied, our Circuit rejected Mr. Valdez's argument "that the right to compulsory process overrides the attorney-client privilege." *Id.* at 1090. And it explained that "the Sixth Amendment usually has been forced to yield when a testimonial privilege is asserted." *Id.* at 1089.

The court invites the parties and IBB to file supplemental briefing addressing these Tenth Circuit cases and how they interact with defendants' proposed balancing test.[1] The briefs must not exceed ten pages. The deadline for any such briefing is Wednesday, April 15, 2026.

**IT IS THEREFORE ORDERED BY THE COURT THAT** supplemental briefs on the effects of *Serrano* and *Valdez* on defendants' Motion (Doc. 266) are due by Wednesday, April 15, 2026. They must not exceed ten pages.

**IT IS SO ORDERED.**

**Dated this 9th day of April, 2026, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[1] Each defendant may file his or her own brief, or may join another defendant's brief. If a defendant chooses to join another defendant's brief, then the joint brief should note which defendants the joint brief represents.

2