**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Hon. Daniel D. Crabtree** |
| **Plaintiff,** | **Crim. Case No. 2:24-cr-20070-DDC-TJJ** |
| **v.** | |
| **NEWTON JONES,** **WILLIAM CREEDEN,** **KATERYNA (KATE) JONES, and** **LAWRENCE McMANAMON** | |
| **Defendants.** | |

**GOVERNMENT'S SUPPLEMENTAL MOTION PURSUANT TO FED. R. EVID. 104**
**FOR PRETRIAL RULING ON ADMISSIBILITY OF BUSINESS**
**RECORDS AND INCORPORATED MEMORANDUM OF LAW**

The Government previously filed a motion pursuant to F Fed. R. Evid. 104 for an Order resolving preliminary questions of admissibility of identified records as business records pursuant to Fed. R. Evid. 803(6), by means of certifications of authenticity obtained under Fed. R. Evid. 902(11) (doc 210). Defendants did not oppose that motion. On April 2, 2026, the Court granted the Government's motion by minute order (doc. 276).

NOW COMES, the United States, by and through its undersigned attorney, Ryan A. Kriegshauser, United States Attorney, hereby respectfully moves this Court pursuant to Fed. R. Evid. 104 for an additional Order resolving preliminary questions of admissibility of the additional records described in the attachments below so that they may be introduced at trial without further foundational testimony, and shows as follows:

1

At trial, the Government will offer into evidence certain business records of several organizations pursuant to Fed. R. Evid. 803(6), by means of certifications of authenticity obtained under Fed. R. Evid. 902(11).

**A.    Certifications of Business Records of the International Brotherhood of Boilermakers**

1.    Declaration of Ms. Amy Martin, Director of Communications for the International Brotherhood of Boilermakers (PhotoShelter documents) **(Attachment A)**;

2.    Declaration of Ms. Courtney Wheeler, Assistant to the International Vice President - Southeast Region for the International Brotherhood of Boilermakers (International Executive Council ballots and assignment letters) **(Attachment B)**;

3.    Declarations of Ms. Debbie Goodwin, Research Assistant-Collective Bargaining Service for the International Brotherhood of Boilermakers (Vacation Tracking Records) (Spreadsheet titled "2016-2022 IBB Employee Vacation") **(Attachments C and D)**,

4.    Declaration of Ms. Kelli Morgan, Director of Information Technology for the International Brotherhood of Boilermakers (Emails from Microsoft Exchange accounts maintained and controlled by the International Brotherhood of Boilermakers) **(Attachment E)**.

**B. Certifications of Business Records of Wilson-McShane Corporation**

1.    Declaration of Ms. Carolyn Papuga, Vice President--Contributions/Funds Administrator for Wilson McShane Corporation (Various documents concerning the IBB Health Care Plan created and maintained by Wilson McShane as the third-party administrator of the IBB Health Care Plan) **(Attachment F)**.

c.     **Applicable Principles**

Under Federal Rule of Evidence (FRE) Rule 901, a document is authenticated if a proponent submits "evidence sufficient to support a finding that the matter in question is what its proponent claims." FRE 901(a). "The standard for authentication . . . is one of reasonable likelihood." United States v. Holmquest, 36 F.3d 154, 168 (1st Cir. 1994), cert. denied, 514 U.S. 1084 (1995). Thus, a proponent satisfies FRE 901(a), if he or she introduces sufficient proof of authenticity "so that a reasonable juror could find in favor of authenticity or identification." United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir. 1991).

To be admitted into evidence, the records that are the subject of this motion must be relevant, demonstrate sufficient guarantees of authenticity, and overcome any hearsay concerns. In making these determinations, the Court's inquiry is controlled by FRE 803(6), 902(11) and 901. FRE 803(6) provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, <u>or by certification that complies with Rule 902(11), Rule 902(12)</u>, or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

See FRE 803(6)(emphasis added).

FRE 902(11) allows authentication of business records in this manner if the certificate notes that the records: (a) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) were kept in the course of the regularly conducted activity; and (c) were made by the regularly conducted

3

activity as a regular practice and written notice was provided to opposing party of its intention to seek admission under this rule.   See Fed. R. Evid. 902(11).

According to FRE 803(6), business records may be authenticated and the hearsay exception satisfied if they are accompanied "by [a] certification that complies with [FRE] 902(11) or [FRE] 902(12) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."   United States v. Klinzing, 315 F.3d 803, 809 (7th Cir. 2003).   Under FRE 902(11), a party may authenticate a business record through a written declaration by a custodian or other qualified person that the record meets the necessary foundational requirements.   Id.   Accord United States v. Yeley-Davis, 632 F.3d 673, 680 (10th Cir. 2011).

FRE 803(6) permits parties to rely upon such certifications in an effort to avoid the expense and inconvenience of producing foundation witness testimony in situations where the authenticity of the business records could be confirmed by written declaration pursuant to FRE 902(11). United States v. Klinzing, 315 F.3d at 809 (observing advisory committee's note stating, in part, that FRE 902(11) provides adequate assurance of authenticity for business records without foundational testimony).   Accord United States v. Lewis, 594 F.3d 1270, 1278 (10th Cir. 2010).[1]

### C. Argument

The Government raises the authenticity of the above records pursuant to FRE 104(a) for pre-trial resolution in order to avoid unnecessary delay in litigating these matters during a trial.

---

[1]  In Crawford v. Washington, 541 U.S. 36, 56 (2004), the Supreme Court specifically indicated that the hearsay exception related to the foundational requirements for business records is not "testimonial" in nature and therefore does not offend the Confrontation Clause of the United States Constitution.   Accord United States v. Medrano, 356 F. App'x 102, 109 (10th Cir. 2009).

The Government sought and received the above certifications which meet the requirements set forth in FRE 902(11).  In each case, the certification provides the required foundation concerning knowledge of the types of documents created, accepted, maintained, and relied upon by the respective organization in conducting its activities.  See United States v. Adefehinti, 510 F.3d at 326 (party may certify records under FRE 803(6) even if it did not create records but rather took custody of them in regular course of business); Thanongsinh v. Board of Educ., 462 F.3d 762, 778 (7th Cir. 2006) (citing Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000) (party seeking admission of business record need only establish sufficient indicia of trustworthiness). See generally Weinstein's Federal Evidence § 803.08[8][b] (2004) (certification under FRE 902(11) may be made by any person qualified to be foundational witness).

The Government now seeks a ruling from the Court finding that the Government has satisfied the foundational prerequisites for admissibility of these records under FRE 803(6).  This ruling is sought pretrial both to economize the jury's time and so that the Court may release the five (5) individuals providing certifications or other potential record custodians from providing foundational testimony in this case.

FRE 902(11) further provides that, "A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them."  The Government has satisfied this requirement as copies of the records have been available to Defendants in discovery.  By this motion, moreover, the Government provides Defendants with notice of its intention to employ FRE 902(11) to admit the records.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court resolve pretrial the preliminary questions of authenticity of the business records described above so that these exhibits may be introduced at trial without further foundational testimony.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By:_____
     FAIZA ALHAMBRA
     Assistant United States Attorney

By:_____
     JABARI WAMBLE
     Assistant United States Attorney

By:_____/s/ Vincent Falvo_____
     VINCENT FALVO
     Trial Attorney

By:_____
     ALEXANDRA SWAIN
     Trial Attorney

**CERTIFICATE OF SERVICE & FILING**

I hereby certify that on April 22, 2025, I electronically filed the foregoing motion in limine to authenticate certain evidence with the Clerk of the Court using the ECF system which will send notification to all relevant parties.

By:____/s/Vincent Falvo_____
VINCENT FALVO
Trial Attorney