## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-20070-DDC** |
| **NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**LAWRENCE MCMANAMON (05),** | |
| **Defendants.** | |

## <u>MEMORANDUM & ORDER</u>

Before the court is defendants Lawrence McManamon, William Creeden, and Newton Jones's Motion to Accommodate Hearing Impaired Defendants (Doc. 347). They request that the court provide real-time court reporting and a monitor at each party's table, and to do so "at the Government's expense[.]" *Id.* at 1, 3. It's not altogether clear whether the phrase "the Government"—as used in defendants' motion—means the prosecutors or the court. If it's the former, they cite no legal authority permitting the court to shift this expense to the executive branch's prosecutors. Indeed, defendants' motion never cites any legal authority at all. Defendants McManamon and Creeden report that they experienced difficulty hearing the proceedings on April 23, 2026, whenever the person speaking moved away from the microphone or neglected to speak loudly enough. *Id.* Defendant N. Jones's counsel anticipates the same issue will arise with Mr. Jones. *Id.* at 3 n.1. Defendants assert that real-time court reporting would address the issue. *Id.* at 3.

Federal courts are not subject to the Americans with Disabilities Act.  *Watson v. Veterans Evaluation Servs.*, No. 23-1109-HLT-GEB, 2023 WL 6143361, at *1 n.5 (D. Kan. Sept. 20, 2023).  So, they owe no legal duty to provide accommodations under that law.  "'However, in keeping with the Judicial Conference Policy, the U.S. District Court provides reasonable accommodations to persons with communications disabilities at the court's expense.'"  *Id.* (quotation cleaned up) (quoting *Williams v. McDonald's Corp.*, No. 20-1214-TLN, 2021 WL 1985024, at *1 (E.D. Cal. May 18, 2021)).  "'Each federal court is required to provide, at judiciary expense, sign language interpreters or other appropriate auxiliary aid or services to participants in federal court proceedings who are deaf, hearing-impaired, or have other communications disabilities.'"  *Id.* at *1 (quoting Guide to Judiciary Policies and Procedures, Vol. 1, Ch. 3 (Guidelines for Providing Services to the Hearing-Impaired and other Persons with Communications Disabilities)).  "'The court shall give primary consideration to a participant's choice of auxiliary aid or service.'"  *Id.* (quoting Guide to Judiciary Policies and Procedures, Vol. 1, Ch. 3).

Defendants here have chosen the auxiliary aid or service of access to real-time court reporting during the court proceedings.  The court grants their request.  The court will arrange for each hearing-impaired defendant to have access to real-time court reporting and a monitor at any future proceeding.  The court emphasizes that this Order does not provide transcript access.  Parties may elect to purchase transcripts, as in the normal course.  But that cost is one the parties themselves must bear.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Lawrence McManamon, William Creeden, and Newton Jones's Motion to Accommodate Hearing Impaired Defendants (Doc. 347) is granted.

**IT IS SO ORDERED.**

**Dated this 30th day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
