IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**LAWRENCE MCMANAMON (05),**<br><br>**Defendants.** | Case No. 24-20070-DDC |

## ORDER

This Order announces the court's ruling on the government's Amended Motion for Admission of Coconspirator Statements (Doc. 288) and the government's Supplement (Doc. 365) to that motion.  A Memorandum & Order explaining the court's reasoning for the announced ruling is forthcoming.

The court concludes the following proffered statements—identified by the government's exhibit numbers— preliminarily qualify for the exception to the hearsay rule identified in Federal Rule of Evidence 801(d)(2)(E):  82, 83, 92-b, 95, 96, 142, 152, 153, 155, 156, 159, 162, 164, 166, 175, 194-e, 217, 218, 231, 232, 242, and 262.

A few other proffered statements also qualify under Rule 801(d)(2)(E), but their exhibit numbers require further explanation.  The government's Supplement duplicated two exhibit numbers:  144 and 232.  The court concludes just one of the proffered statements identified as exhibit 144 preliminarily qualifies under Fed. R. Evid. 801(d)(2)(E):  the statement describing a communication about a $1.5 million line of credit owned by IBB.  Doc. 365-1 at 12.  The court

concludes both proffered statements designated as exhibit 232 preliminarily qualify under Fed. R. Evid. 801(d)(2)(E).

The court also finds the following oral statements—identified by declarant and date—preliminarily qualify for the exception to the hearsay rule identified in Fed. R. Evid. 801(d)(2)(E):

- K. Stapp 2010–2022.  Doc. 365-1 at 16.

- N. Jones 2015.  *Id.* at 6–7.

- K. Stapp 2015.  *Id.* at 16.

- N. Jones 2019.  *Id.* at 7.

- N. Jones 2020.  *Id.* at 6.

Finally, the court grants in part and denies in part the government's request that the following statements qualify under Fed. R. Evid. 801(d)(2)(E):  Exhibit 213, Exhibit 257, and oral statement Tyler Brown April 2018.  The court explains each partial grant, below.

- Exhibit 213:  A portion of this exhibit contains an Application.  The Application portion of this request is granted.  But the broad category of "correspondence" doesn't provide the court sufficient information to assess whether statements within that correspondence were made in furtherance of the conspiracy.  The "correspondence" portion of this request is denied.

- Exhibit 257:  The portion of the email chain that communicates travel plans and international conference attendance is granted.  N. Jones's "wingman" comment, on the other hand, is denied.  The government can't offer this email chain against defendant McManamon without a further showing of his membership in the conspiracy, however.

- <u>T. Brown, April 2018:</u> The portion of the statement that provides instructions to start health insurance on a given day or to allow Brian Daly's widow to maintain that health insurance is granted. But the portion of the statement that includes K. Stapp's opinion about being in the business of insurance fraud is denied. Again, the government can't offer this statement against defendant McManamon without a further showing of his membership in the conspiracy, however.

This Order makes no ruling about the admissibility of these statements outside of their qualification for the exception to the hearsay rule under Fed. R. Evid. 801(d)(2)(E).

**IT IS SO ORDERED.**

**Dated this 6th day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**