**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            **Plaintiff,**<br><br>                    **v.**<br><br>**NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**LAWRENCE MCMANAMON (05),**<br><br>                            **Defendants.** | **Case No. 24-20070-DDC** |

<u>**MEMORANDUM OPINION**</u>

The government has proffered Exhibit 416, a chart providing a comprehensive list of international trips, asking to admit it under Fed. R. Evid. 1006. The exhibit is a chart that shows the following for 113 international trips: start date, end date, location, number of travelers, and the purpose provided for the trip. The chart also includes the names of people who traveled on the trips, but, to alleviate some defense concerns about the exhibit, the government redacted these names from the exhibit. Defendants have objected on several grounds. The court, as explained below, sustains the objection. It's not a proper Rule 1006 summary. And, even if it were, the court would exclude it under Fed. R. Evid. 403.

Start with Rule 1006. To qualify as a summary, the evidence summarized must be admissible. Fed. R. Evid. 1006(a). So, the summary can't include hearsay. Yet the government's sponsoring witness, Jeremy Newman, testified that he based the summary, in part, on interviews—classic hearsay evidence. The government insists that the chart isn't based on hearsay because the witness testified that, if he did consider his witness interviews, then the

interviews didn't change the location, dates, or purpose provided.  That is, the government claims they've "lifted" the hearsay out of the exhibit.  The government's characterization is long on gloss.  The sponsoring witness has testified inconsistently about what he did with interviews. On direct examination on May 18, Mr. Newman testified:

> BY MR FALVO:
>
> Q. What were the purposes of the interviews?
>
> A. To figure out who went on the international trips, **what the union purpose was.  Was there a union benefit.**
>
> Q. Did you endeavor to be more accurate?  Were you trying to be more accurate in the travelers and the other information?
>
> A. Yes.
>
> Q. -- within the interviews?
>
> A. Yes.

On May 20, Mr. Newman testified:

> Q:  "And for the purpose of whether it's a legitimate union business, right?"
>
> A:  "Well, we judge it for the purpose if it's a legitimate union business, and then that's why we conduct interviews."

Summaries based in part on a case agent's out-of-court interviews are not admissible under Fed. R. Evid. 1006.  *United States v. Pelullo*, 964 F.2d 193, 205 (3d Cir. 1992).  In *Pelullo*, the government charged the defendant—CEO of a hotel corporation—with racketeering because, among other things, he had diverted company money for his own use.  *Id.* at 198.  For example, he'd taken loan proceeds earmarked for renovation work and diverted them to companies he controlled.  *Id.* at 198–99.  A government agent had analyzed bank records and conducted field investigations.  *Id.* at 205.  The agent testified that he'd interviewed people to determine whether they actually were doing renovation work on the hotels.  *Id.*  The agent then prepared a schedule

of each time the defendant had diverted a loan.  *Id.*  The district court admitted the schedule as a

Fed. R. Evid. 1006 summary.

The Third Circuit found that the trial court had erred by admitting this summary.  *Id.*  The

"summaries were inadmissible because they were based in part on [the agent's] out-of-court

interviews."  *Id.*  For example, had the agent "testified at trial that he had a conversation with a

vendor who told him that he or she did not work on the . . . renovation project," that statement is

obvious hearsay.  *Id.*  So, the agent's schedules of diverted loans "were not so much summaries

or admissible evidence as they were his conclusions which were based on both admissible and

inadmissible evidence."  *Id.*

So too here for Exhibit 416.  The exhibit dedicates a column to union purpose.  And the

witness has testified that he based his conclusion about union purpose on interviews—

inadmissible evidence.  The government tried to nullify this problem by claiming that the witness

never changed his chart based on a witness interview.  But the summaries are "based in part on

the [agent's] out-of-court interviews."  *Id.*

What's more, the witness struggled during his turn in the witness chair.  It's difficult to

credit his testimony about how he prepared the chart.  That's another problem for the

government because the government bears the burden to show the exhibit is admissible under

Fed. R. Evid. 1006.  That is, "the proponent of a Rule 1006 summary based on hearsay evidence"

must "establish that the materials summarized are admissible[.]"  *United States v. Irvin*, 682 F.3d

1254, 1262 (10th Cir. 2012).  Defendants have "no obligation to affirmatively *disprove* the

applicability of [a hearsay] exception."  *Id.* (emphasis in original).  A fog of hearsay permeates

this exhibit, and the government hasn't dispersed that fog.  Given the witness's inconsistent

testimony and the confusion in the record about the role that interviews played in preparing the

3

exhibit, the government hasn't shouldered its burden to show that the materials captured within the summary are admissible.

Now on to Rule 403. Even if the chart qualified as a proper Rule 1006 summary, the court would exclude it for another, independently sufficient reason: It fails Rule 403 balancing.

The relevance of this chart is low. The exhibit covers 113 trips. Only 26 are charged. True, the other 87 may assist the conspiracy charges. But, this exhibit aside, there's plenty of evidence about trips. Perhaps this chart helps the jury, but it's duplicative. And the chart's probative value is undermined by the redactions of the travelers involved. The jury won't know if the people who went on the trips are defendants. So, the exhibit has little probative value.

"A summary admissible under Rule 1006 must also pass the balancing test of Rule 403. For example, if the summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion." Fed. R. Evid. 1006 advisory committee's note to 2024 amendment.

Finally, the chart is argumentative. Mr. Newman testified that, if the documents didn't show a purpose, then he put in the "Purpose Provided" column of his chart, "No purpose." That suggests that the trips lacked a union purpose. That's not quite right. It's a lack of documentation. So, the exhibit risks unfair prejudice and confusion. And the redactions of the traveler names risk unfair prejudice and confusion. The jury could think that every defendant went on every trip. But that's just not true.

The court thus also would exclude the exhibit for the independent reason that its probative value is substantially outweighed by unfair prejudice, juror confusion, and misleading the jury.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' objection to Government's Exhibit 416 is sustained.

**IT IS SO ORDERED.**

**Dated this 20th day of May, 2026, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**