**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Case No. 24-20070-DDC** |
| NEWTON JONES (01),<br>WILLIAM CREEDEN (02),<br>KATERYNA JONES (03),<br>LAWRENCE MCMANAMON (05), | |
| **Defendants.** | |

### MEMORANDUM OPINION

On May 11, 2026, counsel for Newton Jones introduced an out-of-court statement—in the form of a letter by former IBB general counsel—on cross examination. Def. Ex. 2470. The government has moved to strike the exhibit or, in the alternative, require redacting all portions of the letter between the salutation and the signature block. Doc. 387 at 10. The government contends that questioning by Newton Jones's counsel exceeded the narrow purpose for which he admitted the letter—*i.e.*, not for the truth of the matters asserted in the letter but to show the letter was submitted to the *Kansas City Star*. *Id.* at 3.

The court agrees with the government. The cross-examination questioning exceeded the scope of counsel's stated non-hearsay purpose.

Our Circuit has found error where the use of an out-of-court statement isn't "limited to the reason for which it was admitted[.]" *United States v. Cass*, 127 F.3d 1218, 1224 (10th Cir. 1997). Here, Def. Ex. 2470 was offered for the express purpose of showing submission to a local newspaper. Defense counsel moved beyond that stated purpose asking the witness, for

example, if he agreed with the statements made in the letter.  Defendants now offer other theories of a non-hearsay purpose—the effect on the listener or to demonstrate the witness's state of mind.  Doc. 390 at 6; Doc. 392 at 2.  The court doesn't opine on whether those theories—had counsel articulated them during trial—would have led to a different result.  Counsel represented demonstrating submission as the non-hearsay purpose.  And his questioning of the witness exceeded that purpose.  That conclusion leaves the question of a remedy.

In *Webb v. ABF Freight System*, our Circuit affirmed the district court's use of a limiting instruction where the jury might confuse an out-of-court statement's non-hearsay purpose with the truth of the matters asserted.  155 F.3d 1230, 1248 (10th Cir. 1998).  The court adopts the same approach here.  The government should submit a proposed limiting instruction to confine the jury's consideration of Def. Ex. 2470 to its stated non-hearsay purpose:  its submission to the *Kansas City Star*.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Amended Motion to Strike Defense Exhibit 2470 (Doc. 387) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the government's Motion to Strike Defense Exhibit 2470 (Doc. 386) is denied as moot because it is superseded by the government's amended filing.

**IT IS SO ORDERED.**

**Dated this 22nd day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
