IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

      Defendants.

Case No. 24-20070-DDC

## MEMORANDUM OPINION

Defendant Newton Jones filed a renewed motion for the issuance of a Rule 17(c) subpoena based on the court's May 22, 2026, oral ruling.  There, the court clarified how time interacts with the attorney/client privilege subject-matter waiver instigated by IBB's September 2022 Memorandum.  The court explained that the subject-matter waiver in this case—even as narrowly construed—extends to communications on the same subject matter that occurred during the timeframe of the Indictment, 2009 to 2023.  Mr. Jones asserts that this revises the court's prior ruling on the waiver's temporal scope and, thus, opens the door to revisit the court's earlier Rule 17(c) denial.  He specifically renews his request that a Rule 17(c) subpoena issue to IBB requiring production of emails between Kathy Stapp and any representative of Blake & Uhlig about the whistleblower letter and Article 17 charge.  Doc. 412 at 1.

The court's March 12, 2026, Order denied this 17(c) request, along with two others, explaining that it "stretch[ed] the boundaries of the defined waiver too far."  Doc. 239 at 9.  The Order noted that this request "rope[d] in later events not included in the court's waiver Order."

*Id.*  And it explained that "the whistleblower letter and resulting Article 17 charge occurred months after the September 2022 events, following a meeting held in February 2023 in Marco Island, Florida."  *Id.*  Finally, the court concluded that "[c]ommunications about these later events don't fall within the court's earlier waiver ruling."  *Id.*

Mr. Jones is right that the court's oral ruling on May 22, 2026, extends the timeframe of the waiver to include the whistleblower letter and Article 17 charge.  But temporality doesn't end the inquiry.  Our Circuit has explained that "voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications *relating to the same subject matter*."  *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019) (emphasis added) (quotation cleaned up).  The court previously identified the scope of IBB's waiver to include the following subject matter:  "the salary, benefits, and other expenses that a union is permitted to pay its officers and employees under the law."  Doc. 177 at 12.  So, Mr. Jones must demonstrate that the whistleblower letter and Article 17 charge are communications relating to this same subject matter to establish privilege waiver.  On that front, Mr. Jones's renewed motion asserts simply that "the salary, benefits, and other expenses that a union is permitted to pay its officers and employees under the law . . . are precisely the issues addressed in both the whistleblower letter and Article 17 Charge[.]"  Doc. 412 at 4.  The court isn't convinced by this ipse dixit argument.

The September 2022 memo that triggered IBB's waiver intended to instruct IBB on forward-looking policies.  It thus purported to outline permissible expenditures "'under the LMRDA and other applicable laws.'"  Doc. 177 at 12 (quoting Doc. 107-1 at 1).  And the memo sought to inform "recommendations to President Jones regarding . . . various expense reporting and reimbursement issues discussed on September 13, 2022."  *Id.*  It didn't opine on the three

specific, backward-looking issues involved with the Article 17 charge—(i) backpay to Kateryna Jones given her residence outside the United States, (ii) Mr. Jones's meals with family members in his hometown, and (iii) Mr. Jones's travel to Ukraine on union funds.  Gov't Ex. 51.

Recall that the court is to construe the subject matter of a privilege waiver narrowly. *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 437791, at *2 (D. Kan. Feb. 6, 2007).  And the interpretation of "same subject matter" varies from case to case.  Edna Selan Epstein, *Attorney-Client Privilege and the Work-Product Doctrine* § 1.IV.X.2 (6th ed. 2025).  "In some instances, everything involving a particular transaction or series of transactions may be put into issue and thereby become discoverable.  In other cases, a far more circumscribed discovery is ordered."  *Id.*  Here, the court concludes that the backward-looking, specific events involved in the whistleblower letter and Article 17 charge don't fall within the scope of the September 2022 memo's forward-looking policy recommendations.  And so, the email communications that Mr. Jones seeks—those between Ms. Stapp and Blake & Uhlig attorneys about these specific events—remain privileged.

A party seeking a subpoena under Rule 17(c) must establish that the subpoenaed material is "relevant, admissible, and specific."  *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quotation cleaned up).  "Failure of one of these elements" is dispositive.  *Id.*  And material protected by attorney-client privilege precludes a finding of admissibility.  *See United States v. Xu*, No. 23-CR-133-5 (JMF), 2024 WL 4504352, at *2 (S.D.N.Y. Oct. 16, 2024) (denying motion for 17(c) subpoena, in part, because it sought attorney-client privileged—and thus inadmissible—materials); *see also United States v. Hoeffner*, 254 F.R.D. 302, 306–07 (S.D. Tex. 2008) (quashing 17(c) subpoena where sought after material fell within un-waived attorney-client privilege); *United States v. Tomison*, 969 F. Supp. 587, 598 (E.D. Cal. 1997) (same).

3

Because the requested communications between Ms. Stapp and counsel at Blake & Uhlig remain privileged, they fail the 17(c) test on the admissibility prong.  And so, the court denies Mr. Jones's request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Newton Jones's Renewed Motion for 17(c) Request and for Expedited Briefing (Doc. 412) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**