**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.                                **Case No. 24-20070-01-DDC**

**NEWTON JONES (01),**

        **Defendant.**

## MEMORANDUM AND ORDER

Spencer Fane LLP, counsel for defendant Newton Jones, has filed a Motion to Withdraw as Counsel (Doc. 483). In support, Spencer Fane explains that Mr. Jones has breached their engagement agreement by neglecting to pay the firm for attorneys' fees he had incurred. Spencer Fane provided notice to Mr. Jones—attached to its motion as Exhibit A. The notice indicates that counsel has discussed with Mr. Jones "several times since March" that his account with Spencer Fane "is seriously past due." Doc. 483-1 at 2. On July 9, 2026, the court convened a hearing on Spencer Fane's motion. At the hearing, Mr. Jones confirmed that he hasn't paid his attorneys' final invoice. He also announced that he didn't oppose its request to withdraw.

The government opposes the motion. Doc. 492. It argues that Spencer Fane hasn't shown good cause for counsel to withdraw at this stage of the proceedings. *Id.* at 2. Specifically, the government contends that Spencer Fane's motion doesn't "allege there is a breakdown in the attorney-client relationship that would otherwise prevent Spencer Fane from representing the defendant." *Id.* At the hearing, the government expressed concern that allowing withdrawal now would delay the litigation's conclusion significantly, especially in light of the case's complexity and the length of the trial.

The court shares the government's concerns about delay.  It doesn't plan for this case to idle because of a collateral fee dispute.  At the same time, the court's not inclined to require Spencer Fane to continue to work without pay, indefinitely.  Balancing these concerns, the court grants Spencer Fane's motion—with one caveat.  Spencer Fane still must prepare and file a reply brief supporting Mr. Jones's pending Supplemental Motion for Acquittal (Doc. 487).  Such an approach avoids a disruption mid-briefing.  At the same time, it limits the amount of work Spencer Fane must perform without timely compensation.

The court explains its reasoning, below.

When reviewing a motion to withdraw in a criminal case, our Circuit has employed the standard applied to substituting counsel.  *United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir. 1992).  That standard requires a showing of "'good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.'"  *Id.* (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987)).  The Tenth Circuit hasn't addressed whether non-payment of legal fees constitutes good cause to withdraw in a criminal case.  Some courts have expressed reluctance "to allow retained defense counsel to withdraw 'mid-stream'" from a case when it's "solely because the retained client fails to honor a fee agreement[.]"  *United States v. Herbawi*, 913 F. Supp. 170, 172 (W.D.N.Y. 1996).  But other courts—including at least one in our Circuit—have opined that non-payment may qualify as good cause.  Judge Browning framed the question this way:

> [T]he Court is not persuaded that nonpayment of legal fees cannot be a sufficient basis to permit an attorney to withdraw representation.  Defense attorneys should not have to work for free; there [is] no public policy that says this group of attorneys should give their services to defendants who will not pay or cannot pay.  In cases like this one, where the defendant retained counsel, exhausted his resources, and now needs CJA counsel, the public has benefitted, in that the defendant, not the public, funded most of the defense expense.  There is no benefit to society to, by

2

judicial fiat, make lawyers stay on a case without compensation.

*United States v. Chavez*, No. CR 12-3290 JB, 2014 WL 936721, at *8 n.4 (D.N.M. Mar. 6, 2014). Indeed, the Criminal Justice Act itself contemplates replacement of retained counsel with appointed counsel when non-payment issues arise from financial inability to pay.  8 U.S.C. § 3006A(c) ("If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of justice may dictate.").  And the Second Circuit has identified circumstances in which failure to pay legal fees furnishes good cause sufficient to allow attorney withdrawal.

> A client's refusal to pay attorney's fees may constitute good cause to withdraw.  In most cases, however, courts have permitted counsel to withdraw for lack of payment only where the client either deliberately disregarded financial obligations or failed to cooperate with counsel.  Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation. Moreover, the exhaustion of a retainer is not evidence of a deliberate violation.

*United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quotation cleaned up).

Here, Mr. Jones reported at the hearing that he already paid a portion of his substantial legal fees.  But then, in September 2025, Spencer Fane informed him that the representation would require another significant sum.  In May 2026, counsel represented Mr. Jones at a five-week jury trial.  During trial, counsel submitted another invoice to Mr. Jones—for a sum greater than the amount anticipated by the September 2025 conversation.  This still-unpaid invoice prompted Spencer Fane's motion.

At the hearing, Mr. Jones explained that he doesn't have the funds to pay Spencer Fane. And he repeatedly referenced "misunderstandings" that "happened both ways," presumably referencing the fees at issue.  He reported that he receives a considerable monthly pension.  And he owns two homes and a car that he could sell.  But, he explained, he's encountered difficulty

retaining a real estate agent willing to help him sell his properties.  He also reported he would sell his car, but he needs it to come to court.

The court concludes Mr. Jones deliberately has disregarded his financial obligations to Spencer Fane.  He has known since at least September 2025 that he would owe substantial additional fees.  And the notice Spencer Fane provided to Mr. Jones indicates multiple conversations about his delinquent account, all to no avail.  Doc. 483-1 at 2 ("As we've discussed several times since March, and as recently as last week, your account with Spencer Fane is seriously past due.  I have made several attempts to resolve this with you, but you have failed to pay our fees.").  Nonetheless, at the hearing, Mr. Jones tied his attempt to secure a real estate agent to July 4, 2026—more than nine months after the September additional-fees conversation.  And needing a car for court appearances smacks of pretext.  Could Mr. Jones not employ an alternative mode of transportation?  Perhaps he could rent a car when needed for travel to court.  Rideshare services abound and both Raleigh and Kansas City have readily accessible airports.  True, the Second Circuit has held that the exhaustion of a retainer isn't evidence of a deliberate violation.  *Parker*, 439 F.3d at 104.  But here, Mr. Jones had months after notice of his retainer's exhaustion, and he has assets he could have liquidated.  He simply didn't do so.  That's deliberate disregard.  And so, the court grants Spencer Fane's Motion to Withdraw (Doc. 483), effective after Spencer Fane files a reply brief supporting Mr. Jones's Supplemental Motion for Acquittal (Doc. 487).

The court ordered Mr. Jones to report by email how he plans to proceed.  On July 14, Mr. Jones informed the court that he has tried to engage new retained counsel, but hasn't succeeded so far.  He indicated that he intends to request a court-appointed attorney, if he qualifies financially.  And he reported that he will attempt to liquidate what he has left to augment his

4

representation.  If he cannot secure retained counsel and doesn't qualify for a court-appointed attorney, Mr. Jones plans to represent himself at sentencing.

Finally, given the current state-of-play, the court informs Mr. Jones about the proper procedure should he decide to represent himself.  Where a criminal defendant waives his Sixth Amendment right to counsel, the court must determine that he makes that decision voluntarily, knowingly, and intelligently.  *United States v. Hamett*, 961 F.3d 1249, 1255 (10th Cir. 2020). That is, the court must ensure that Mr. Jones is "aware of the dangers and disadvantages of self-representation" and "knows what he is doing" such that "his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 835 (1975) (quotation cleaned up).  Our Circuit has determined that "the tried-and-true method for a district court to assess whether a waiver is being made knowingly and intelligently is to conduct a thorough and comprehensive formal inquiry of the defendant on the record"—often referred to as a *Faretta* hearing.  *Harnett*, 961 F.3d at 1255 (quotation cleaned up).  Should Mr. Jones decide to represent himself, he must appear so the court can conduct such a waiver hearing "to ensure that [Mr. Jones] is not unwittingly or impulsively disposing of his constitutional right to counsel."  *Id.* (quotation cleaned up).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Spencer Fane LLP's Motion to Withdraw as Counsel (Doc. 483) is granted, effective after it files a reply brief as set forth in this Order.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
